**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **DEANNA COLEMAN,** : | |
| : | **Case No. 5:25-cv-00501-XR** |
| **Plaintiff,** : | |
| : | |
| **v.** : | |
| : | |
| **RANDOLPH-BROOKS FEDERAL** : | |
| **CREDIT UNION and JANUARY** : | |
| **TECHNOLOGIES, INC.,** : | |
| : | |
| **Defendants.** : | |

**DEFENDANT JANUARY TECHNOLOGIES, INC.'S
ANSWER WITH AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant January Technologies, Inc. ("January") answers Plaintiff's Complaint as follows:

**For each paragraph below, January quotes Plaintiff's allegations and responds accordingly in bold.**

1.     Plaintiff Deanna Coleman complains of Defendants January Technologies, Inc., and Randolph-Brooks Federal Credit Union (RBFCU) for unlawful debt collection under the Federal Fair Debt Collection Practices Act and the Texas Debt Collection Act.

**ANSWER:  Admitted in part, denied in part.  January admits that Plaintiff brings this Complaint for alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE CH. 392.  January denies it violated either the FDCPA or TDCA.  At this time, January lacks knowledge**

1

**or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.**

A.    INTRODUCTION

2.    This is an action for statutory, actual and punitive damages, and attorney's fees and costs filed by the plaintiff for the failure of the defendant to comply with the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Texas Debt Collection Act.

**ANSWER:   Admitted in part, denied in part.  January admits that Plaintiff seeks statutory, actual and punitive damages as well as attorney's fees for alleged violations of the FDCPA and TDCA.   January denies it violated either the FDCPA and TDCA and, as a result, denies that Plaintiff is entitled to any damages or attorney's fees.  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.**

3.    This action is also filed to preclude the frustration of the underlying purposes of the United States Bankruptcy Code.

**ANSWER:  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiff's Complaint and, therefore, denies the same.  By way of further response, Plaintiff's TDCA claims are preempted by the United States Bankruptcy Code.  *See Guthrie v. PHH Mortg. Corp.*, 79 F.4th 328 (9th Cir. 2023); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002); *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir. 2000); *Bessette v. Avco Fin. Servs.,***

*Inc.*, 230 F.3d 439 (1st Cir. 2000); *Welch v. Cap. One Bank USA, N.A.*, Case No. 1:22-cv-31, 2023 U.S. Dist. LEXIS 235578 (E.D. Tex. Jan. 14, 2023) **(dismissing TDCA claim based on alleged violation of bankruptcy discharge injunction).**

JURY DEMAND

4.    Plaintiff respectfully requests a jury trial.

**ANSWER:  January admits Plaintiff requests a jury trial.**

B.    JURISDICTION AND VENUE

5.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

**ANSWER:  Admitted in part, denied in part.  January admits that, as of the time of this Answer, this Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1367.  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of whether Plaintiff's injuries are sufficient to confer standing as the litigation continues and, therefore, denies the same.**

6.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391.  The events giving rise to this controversy occurred at or were aimed at Plaintiff in San Antonio, Texas, in the Western District of Texas.

**ANSWER:  January does not contest venue in this action.**

7.    This Court has supplemental jurisdiction to hear all state laws and FDCPA claims pursuant to 28 U.S.C. § 1367.

**ANSWER:  Admitted in part, denied in part.  January admits that, at the time of filing this Answer, this Court has supplemental jurisdiction to hear any state law claims pursuant to 27 U.S.C. § 1367.  January denies that 28 U.S.C. § 1367 provides this Court with jurisdiction to hear FDCPA claims.**

C.    PARTIES

8.    Plaintiff, Deanna Coleman is a natural person who resides in Bexar County, Texas and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for a loan.  She can be reached through Counsel.

**ANSWER:   Admitted in part, denied in part.  January admits Plaintiff is a natural person and can be contacted through her counsel.  January further admits, upon information and belief, that Plaintiff resides in Bexar County, Texas.  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations or any allegations directed against other defendants and, therefore, denies the same.**

9.    Defendant January Technologies, Inc. is a debt collector and foreign (Delaware) corporation with principal place of business at 176 Grand Street, 4th Floor, New York, New York 10013 and doing business Texas.   January Technologies, Inc. has no registered agent in the State of Texas and is not registered with the Texas Secretary of State or Texas Comptroller.   Their registered agent in Florida is NRAI Services, Inc.. [*sic*] 1200 South Pine Island Road, Plantation, FL 33324.

**ANSWER:  Admitted in part, denied in part.  January admits it is a Delaware corporation with a principal place of business in New York as stated by Plaintiff.  January further admits it has a registered agent in Florida as stated by Plaintiff.  January denies it is required to be registered to do business in Texas.  *See* TEX. BUS. ORG. CODE § 9.251(8).**

10.    January Technologies, Inc. acts as a debt collector, as defined by § 1692a of the FDCPA and both a debt collector as well as a "third party debt collector" under the Texas Debt Collection Act, because in the conduct of its business January Technologies, Inc. uses one or more instrumentalities of interstate commerce of the mails, including, without limitation, electronic communication to communicate with Debtor.  January Technologies, Inc. was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

**ANSWER:   Admitted in part, denied in part.  January admits that, at times it may act as either a "debt collector" as defined by the FDCPA or as a "third party debt collector" as defined by the TDCA.  At this time, January lacks knowledge or information sufficient to form a belief as to whether it was acting as a "debt collector" or "third party debt collector" with respect to Plaintiff's unpaid obligation and, therefore, denies the same.**

11.    Defendant Randolph-Brooks Federal Credit Union is a Credit Union domiciled in Texas and doing business in Texas and chartered and regulated under the authority of the National Credit Union Administration.  They have no registered agent and under Texas rules can be served by service to the President

or Vice President at their headquarters at 1 Ikea-RBFCU Parkway, Live Oak, Texas 78233. RBFCU is not a debt collector under the FDCPA, but under the Texas Debt collection [*sic*] Act, RBFCU is a debt collector.

**ANSWER: At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiff's Complaint and, therefore, denies the same.**

12.   In the event any parties are misnamed or not included herein it is plaintiff's contention that such was a misidentification, misnomer, and/or such parties are/were alter egos of parties named here in. Alternatively, plaintiff contends such corporate veils should be pierced to hold such parties properly included in the interest of justice.

**ANSWER: At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.**

13.   This Court has supplement jurisdiction to hear all state law and FDCPA claims pursuant to 28 U.S.C. § 1367.

**ANSWER: Admitted in part, denied in part. January admits that, at the time of filing this Answer, this Court has supplemental jurisdiction to hear any state law claims pursuant to 27 U.S.C. § 1367. January denies that 28 U.S.C. § 1367 provides this Court with jurisdiction to hear FDCPA claims.**

D.   FACTS

*Defendant January Technologies, Inc. emails collection notices to Deanna Coleman to collect a discharged debt she had once owed to RBFCU*

14.    On March 28, 2024, Deanna Coleman filed a Chapter 7 bankruptcy, Case Number 24-50490-cag, in Western District of Texas bankruptcy court, San Antonio Division.  She received a discharge of her debts on July 5, 2024.

**ANSWER:   January admits Paragraph 14 of Plaintiff's Complaint.**

15.    One of the unsecured creditors listed on Schedule F was Randolph-Brooks Federal Credit Union.  Schedule F listed RBFCU's mailing address as P.O. Box 2097, Universal City, Texas, 78148-2097, which is their general correspondence address.

**ANSWER:  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same.**

16.    Notice of the bankruptcy filing and the Notice of the Discharge were both sent to RBFCU by the bankruptcy court to the official email for notice provided by RBFCU – BANKRUPTCY@RBFCU.ORG.

**ANSWER:    At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.**

17.    Filing bankruptcy was not a choice Ms. Coleman made readily or happily.  However, she had mounting debts, including some medical debts, that she could not afford to pay as she had taken off work when her son was ill in 2020 and then she was laid off.

**ANSWER:    At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiff's Complaint and, therefore, denies the same.**

18.    The collection notices, the calls, the text and email from her creditors and collectors caused Ms. Coleman great stress.  Her doctors advised her that stress was not helping her health, but she could not ignore or brush off the collection notices and calls.  She eventually turned to bankruptcy to get a clean slate and to put a complete stop to harassment by debt collectors.

**ANSWER:    At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiff's Complaint and, therefore, denies the same.**

19.    RBFCU reported to Ms. Coleman's credit reports that the debt she had borrowed from them was discharged in bankruptcy, which further shows that they do have evidence of the discharge of her debt.

**ANSWER:    At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiff's Complaint and, therefore, denies the same.**

20.    However, RBFCU did not stop attempting collection efforts on Ms. Coleman's loan that was discharged in her bankruptcy.  They contacted her throughout the bankruptcy as well as after the discharge.

**ANSWER:    At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiff's Complaint and, therefore, denies the same.**

21.     Ms. Coleman contacted the office of her bankruptcy attorney, Rick Flume.  His office contacted RBFCU, and then he provided a "Cease and Desist" letter for Ms. Coleman to send.  The letter, dated December 10, clearly stated that Ms. Coleman was represented by Mr [*sic*] Flume and that they were not to contact her any longer and were to cease all collection efforts.

**ANSWER:   At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiff's Complaint and, therefore, denies the same.**

22.     On December 12, 2024, Ms. Coleman sent an email to the collection email Collector@rbfcu.org with her information and the Cease and Desist letter. She noted "Please find the attached document.  My attorneys [*sic*] paralegal, my attorney himself as well as me have all contacted you and asked you to abide by the bankruptcy discharge and stop all collection efforts.  They have not stopped. I have been contacted nearly every single day since the case was filed and you were notified in April.  Thank you   Deanna Coleman". [*sic*]

**ANSWER:   At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiff's Complaint and, therefore, denies the same.**

23.     RBFCU also contacted Ms. Coleman with phone calls until finally in January 2025 she broke down and changed her phone number.  She hated to do this – she had that number for eleven years.  It was heartbreaking to her because she knew that she was missing calls from old friends and family members as she had no way of notifying everyone of her knew [*sic*] number.

However, she had to get a break from the collections, and this did prevent the calls.

**ANSWER:    At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiff's Complaint and, therefore, denies the same.**

24.    Rather than stop the collections, however, RBFCU hired January Technologies, Inc. to collect on their behalf.    January Technologies began sending emails to Ms. Coleman, stating such things as, "Let's work together on your debt…" and "Deanna: Pay your Randolph Brooks Federal Credit Union…" and "Regarding your $585.34 balance."

**ANSWER:    Admitted in part, denied in part.    January admits it was hired by RBFCU to recover the unpaid obligation owed by Plaintiff.    January further admits that it sent e-mails to Plaintiff; however, those e-mails are writings which speak for themselves and to which no response is required. To the extent that a response may be required, January denies Plaintiff's characterization of the writings.    January further denies it was hired by RBFCU in 2024.**

25.    January Technologies' January 16, 2025 email had a subject of "Deanna: Ask for a reduction on your Randolph Brooks Federal Credit Union Credit Card balance". [*sic*]  Note that since this credit card was included in the bankruptcy, the balance was already zero.  The email continued, "This is January reaching out again about your overdue balance of $585.34 for the

account ending in 8361.  As a reminder, we've been hired to collect on your Randolph Brooks Federal Credit Union Credit Card balance..."

**ANSWER:  Admitted in part, denied in part.  January admits it sent Plaintiff an e-mail on January 16, 2025; however, that e-mail is a writing which speaks for itself and to which no response is required.  To the extent that a response is required, January denies Plaintiff's characterization of the writing.**

26.    The loan Ms. Coleman took out at RBFCU was a consumer debt under the law, as it was taken out for household and personal expenses.

**ANSWER:   At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of Plaintiff's Complaint and, therefore, denies the same**

27.    To overstate the obvious – RBFCU had knowledge of the discharge of Ms. Coleman's debt.

**ANSWER:   At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of Plaintiff's Complaint and, therefore, denies the same**

28.    January Technologies, Inc. was not included in the bankruptcy as their collection efforts seem to have begun only after discharge; however, they failed to do any standard compliance scrubs for bankruptcy which would have notified them that that Ms. Coleman had filed bankruptcy in 2024.   They continued to collect after Ms. Coleman requested they cease.

**ANSWER:  January denies it failed to conduct any bankruptcy scrubs when the account was placed with it.  January further denies that Plaintiff ever requested it cease communication attempts with her.  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 28 of Plaintiff's Complaint and, therefore, denies the same.**

29.    Since the discharge on July 5, 2024, Ms. Wimbley has no personal liability for the RBFCU debt.  She is not legally required to pay the discharged debt.  RBFCU and their collector January Technologies, Inc. are prohibited from taking any collection actions.

**ANSWER:   At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiff's Complaint and, therefore, denies the same**

30.    Not only was RBFCU directly given notice of the bankruptcy discharge in 2024, but multiple services exist by which debt collectors such as January Technologies, Inc. and creditors such as RBFCU can determine if a person has filed bankruptcy and received a discharge.

**ANSWER:  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's Complaint and, therefore, denies the same**

31.    January Technologies, Inc. and RBFCU either failed to have procedures in place to check if the debt was valid and collectible or they did not follow their own procedures.

**ANSWER:  January denies Paragraph 31 of Plaintiff's Complaint.  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants in Paragraph 31 of Plaintiff's Complaint and, therefore, denies the same.**

32.    Despite her bankruptcy and post-bankruptcy cease-and-desist letters to the creditor and collector, Ms. Coleman has yet to find peace from collections.  She has continued to have health issues that her medical providers have said are made worse by the stress.  However, RBFCU, both on their own and through their collector January Technologies, refuses to cease collections.

**ANSWER:  January denies it received any cease-and-desist letters from Plaintiff and further denies that it has not ceased collections.  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations or any allegations directed against other defendants in Paragraph 32 of Plaintiff's Complaint and, therefore, denies the same.**

33.    The repeated collection efforts have created a turbulent spinning of feelings of anxiety, agony and stress.   Despite the drastic step of filing bankruptcy and receiving a discharge, Ms. Coleman continues to be contacted on her RBFCU debt.  It appears to Ms. Coleman that her efforts to put her financial affairs in order were in vain and that she may never escape the collectors.  No matter what, RBFCU and January Technologies, Inc. were still pursuing her.

**ANSWER:  January denies it is still collecting on the unpaid obligation.  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of both the remaining allegations or any allegations directed against other defendants in Paragraph 33 of Plaintiff's Complaint and, therefore, denies the same.**

_Deanna Coleman has suffered Actual Damages_

34.    As a proximate result of the foregoing acts and omissions of the Defendants, Plaintiff has suffered actual damages and injury, including but not limited to hiring now a second law firm to assist her with the collections and also her health, while already problematic, has been made worse as a result of the stress, humiliation, mental anguish and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.  Plaintiff's physical symptoms include increased pain from her underlying conditions, restlessness and crying, sleeplessness, digestive issues, headaches, and additionally, the impact of the wrongful collections affected her personality and patience as well.

**ANSWER:  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of Plaintiff's Complaint and, therefore, denies the same.**

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692C(A)(2)

_Against Defendant January Technologies, Inc. PLLC_ [sic]

35.    Plaintiff incorporates the preceding paragraphs.

**ANSWER:   January incorporates its responses to Paragraphs 1 – 34 of Plaintiff's Complaint as if fully set forth herein.**

14

36.    For Plaintiff to succeed on her FDCPA claims, she must satisfy three prerequisite requirements:  Plaintiff must be a "consumer", [*sic*] and January Technologies, Inc. must be a "debt collector" that sought to collect a "debt" from Plaintiff, as these terms are defined by the FDCPA.

**ANSWER:   January denies Paragraph 36 of Plaintiff's Complaint.**

37.    Section 1692a(3) provides the following definition for "consumer": [*sic*] any natural personal obligated or alleged [*sic*] obligated to pay any debt.

**ANSWER:  Admitted in part, denied in part.   January admits that Paragraph 37 of Plaintiff's Complaint purports to cite to 15 U.S.C. § 1692a(3); however, the FDCPA is a written statute which speaks for itself and to which no responsive is required.  To the extent that a response may be required, at this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff is a "consumer" or that the unpaid obligation is a "debt" as those terms are defined by the FDCPA and, therefore, denies the same.**

38.    Here, Plaintiff is a natural person allegedly obligated to pay a debt to RBFCU.

**ANSWER:   Admitted in part, denied in part.   January admit, upon information and belief, that Plaintiff is a natural person and that she is obligated to pay an unpaid obligation.   At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff is a "consumer" or that the unpaid obligation is a**

15

**"debt" as those terms are defined by the FDCPA and, therefore, denies the
same.**

39.    Section 1692a(6) provides the following definition for "debt
collector": [*sic*] ...any person who uses any instrumentality of interstate
commerce or the mails in any business the principal purpose of which is the
collection of any debts, or who regularly collects or attempts to collect, directly
or indirectly, debts owed or due or asserted to be owed or due another."

**ANSWER:  Admitted in part, denied in part.  January admits that
Paragraph 39 of Plaintiff's Complaint purports to cite to 15 U.S.C. §
1692a(6); however, the FDCPA is a written statute which speaks for itself
and to which no responsive is required.  To the extent that a response may
be required, at this time, January lacks knowledge or information sufficient
to form a belief as to the truth of the allegations that it was a "debt
collector" with respect to Plaintiff as that term is defined by the FDCPA
and, therefore, denies the same.**

40.    January Technologies, Inc. is a debt collector who collects debts
owed to another through instrumentalities of interstate commerce such as email.

**ANSWER:   Admitted in part, denied in part.  January admits that, at times,
it may act as a "debt collector" as that term is defined by the FDCPA.  At
this time, January lacks knowledge or information sufficient to form a
belief that it was a "debt collector" with respect to Plaintiff as that term is
defined by the FDCPA and, therefore, denies the same.**

41.    Section 1692a(5) provides the following definition for "debt":...[*sic*] any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

**ANSWER:  Admitted in part, denied in part.  January admits that Paragraph 41 of Plaintiff's Complaint purports to cite to 15 U.S.C. § 1692a(5); however, the FDCPA is a written statute which speaks for itself and to which no responsive is required.  To the extent that a response may be required, at this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's obligation was a "debt" as that term is defined by the FDCPA and, therefore, denies the same.**

42.    The alleged obligation arises from a credit card debt that was accumulated through borrowing money for personal, family and household purchases.

**ANSWER:   At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of Plaintiff's Complaint and, therefore, denies the same.**

43.    All three prerequisite requirements are thus easily satisfied.

**ANSWER:   January denies Paragraph 43 of Plaintiff's Complaint.**

44.    In taking the foregoing actions, Defendant January Technologies, Inc., violated 15 U.S.C. § 1692e, which provides in relevant part, the following:

§ 1692e.  False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: …

(2) The false representation of  —(A) the character, amount, or legal status of any debt; or . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(2)(A), (5), (10).

**ANSWER:  January denies Paragraph 44 of Plaintiff's Complaint.**

45.    Defendant's actions were the proximate cause of actual and economic damages to Plaintiff, including out-of-pocket damages and emotional distress.

**ANSWER:  January denies Paragraph 45 of Plaintiff's Complaint.  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.**

46.    Plaintiff seeks not only her actual damages but also statutory damages and attorney fees and costs as allowed by law.  The FDCPA is a strict liability statute that allows for the award of statutory damages in an amount not exceeding $1,000 upon a finding of violation.  15 U.S.C. § 1692(k)(a).

**ANSWER:   Admitted in part, denied in part.  January admits that Plaintiff seeks actual and statutory damages as well as attorney's fees and costs.  January denies that Plaintiff is entitled to any such relief and further**

**denies all remaining allegations in Paragraph 46 of Plaintiff's Complaint. At this time, January lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.**

### F. VIOLATION OF THE TEXAS DEBT COLLECTION ACT – TEXAS FINANCE CODE § 392 ET SEQ.[1]

*AGAINST DEFENDANTS RBFCU AND JANUARY TECHNOLOGIES, INC.*

47.    Plaintiff incorporates the preceding paragraphs.

**ANSWER:   January incorporates its responses to Paragraphs 1 – 46 of Plaintiff's Complaint as if fully set forth herein.**

48.    For Plaintiff to succeed on her Texas Debt Collection Act (TDCA) claims, she must satisfy three prerequisite requirements: Plaintiff must be a "consumer", [*sic*] and RBFCU and January Technologies, Inc. PLLC must be "debt collectors" that sought to collect a "consumer debt" from Plaintiff, as these terms are defined by the TDCA.

**ANSWER:   January denies Paragraph 48 of Plaintiff's Complaint.  By way of further response, Plaintiff's TDCA claims are preempted by the United States Bankruptcy Code.  *See Guthrie, supra*; *Walls, supra*; *Pertuso, supra*; *Bessette, supra*; *Welch, supra*.**

49.    Section 392.001(1) provides the following definition for "consumer": [*sic*] "Consumer" means any individual who has a consumer debt.

---

[1] Plaintiff's Complaint appears to skip section "E."  January follows Plaintiff's numbering scheme.

**ANSWER:  Admitted in part, denied in part.  Admitted in part, denied in part.  January admits that Paragraph 49 of Plaintiff's Complaint purports to cite to TEX. FIN. CODE § 392.001(1); however, the TDCA is a written statute which speaks for itself and to which no responsive is required.  To the extent that a response may be required, at this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff is a "consumer"  or that her unpaid obligation was a "consumer debt" as those terms as defined by the TDCA and, therefore, denies the same**

50.    Here, Plaintiff is an individual who borrowed money for personal, family or household use.  Ms. Coleman meets the definition of consumer.

**ANSWER:  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of Plaintiff's Complaint and, therefore, denies the same.**

51.    Section  392.001(5)  provides  the  following  definition  for  "debt collection":  [*sic*]  "'Debt collection' mans an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor."  And 392.001(6) defines a debt collector as a person who directly or indirectly engages in debt collection.

**ANSWER:  Admitted  in  part,  denied  in  part.   January  admits  that Paragraph 51 of Plaintiff's Complaint purports to cite to TEX. FIN. CODE §§ 392.001(5) and (6); however, the TDCA is a written statute which speaks for itself and to which no responsive is required.  To the extent that a response**

**may be required, at this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations that it was engaged in "debt collection" or that it was acting as a "debt collector" as those terms are defined by the TDCA and, therefore, denies the same. By way of further response, at this time, January lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.**

52.     Here, RBFCU is engaged in collection of a consumer debt from Plaintiff, thereby meeting the definition of "debt collector". [*sic*] RBFCU is the original creditor; therefore, they do not meet the definition of a "third party debt collector," but the majority of Texas Debt Collection Act pertains to all debt collectors, including original creditors.

**ANSWER:   At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of Plaintiff's Complaint and, therefore, denies the same.**

53.     January Technologies, Inc. PLLC is engaged in the collection of a consumer debt from Plaintiff and is not the creditor, but is a hired third party. They meet the definition of a "debt collector" and a "third party debt collector". [*sic*]

**ANSWER:  January denies Paragraph 53 as stated.**

54.     Section 392.001(2) provides the following definition for "consumer debt": [*sic*] "Consumer debt" means an obligation, or an alleged obligation,

primarily for personal, family, or household purposes and arising from a transaction or alleged transaction.

**ANSWER: Admitted in part, denied in part. January admits that Paragraph 39 of Plaintiff's Complaint purports to cite to TEX. FIN. CODE § 392.001(2); however, the TDCA is a written statute which speaks for itself and to which no responsive is required. To the extent that a response may be required, at this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff's unpaid obligation was a "consumer debt" as that term is defined by the TDCA and, therefore, denies the same.**

55.    The debt Ms. Coleman owed to RBFCU was a consumer debt. All three definitions are met in this case. RBFCU and January Technologies, Inc. are debt collectors collecting consumer debt from Ms. Coleman as defined by the Texas Finance Code.

**ANSWER:  January denies Plaintiff has stated a claim under the TDCA as the United States Bankruptcy Code preempts those claims.  *See Guthrie, supra*; *Walls, supra*; *Pertuso, supra*; *Bessette, supra*; *Welch, supra*.  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of Plaintiff's Complaint and, therefore, denies the same.**

56.    This is an action for willful violation of the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 *et seq.*, ("TDCA").

**ANSWER:  Admitted in part, denied in part.  January admits Plaintiff alleges a willful violation of the TDCA.  January denies it violated the TDCA.  By way of further response, Plaintiff's TDCA claims are preempted by the United States Bankruptcy Code.  *See Guthrie, supra*; *Walls, supra*; *Pertuso, supra*; *Bessette, supra*; *Welch, supra*.  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.**

57.    Chapter 392, Section 303 of the Texas Finance Code provides as follows:

> FRAUDULENT, DECEPTIVE, OR MISLEADING REPRESENTATIONS. (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employes the following practices:
>
> (8) **misrepresenting the character, extent, or amount of a consumer debt**, or misrepresenting the consumer debt's status in a judicial or government proceeding;
>
> (19)  Using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

**ANSWER:    January denies Paragraph 57 of Plaintiff's Complaint, as stated.**

58.    January Technologies, Inc. and RBFCU misrepresented the character of the consumer debt.  Their collections to Ms. Coleman repeatedly failed to represent the correct nature of this debt – that it had been discharged and was not collectible.  The debt had been discharged and was no longer collectible.

23

**ANSWER:  January denies Paragraph 58 of Plaintiff's Complaint.  By way of further response, Plaintiff's TDCA claims are preempted by the United States Bankruptcy Code.  *See Guthrie, supra*; *Walls, supra*; *Pertuso, supra*; *Bessette, supra*; *Welch, supra*.  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.**

59.    The collection communications from January and RBFCU were false and deceptive as the continually stated that Ms. Coleman owed the money to RBFCU and that she needed to deal with this loan – she needed to contact them, to make payment arrangements, and to pay the debt.  None of this was true.  It was false and deceptive.

**ANSWER:  January denies Paragraph 59 of Plaintiff's Complaint.  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.**

60.    By their aforementioned actions, Defendants violated the TDCA.

**ANSWER:  January denies Paragraph 60 of Plaintiff's Complaint.  By way of further response, Plaintiff's TDCA claims are preempted by the United States Bankruptcy Code.  *See Guthrie, supra*; *Walls, supra*; *Pertuso, supra*; *Bessette, supra*; *Welch, supra*.  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.**

61.    Defendant's actions were the proximate cause of actual and economic damages to Plaintiff, including but not limited to the expenses and time from dealing with the illegal collection, humiliation, the extreme stress stemming from Defendant bringing up all the concerns and anxiety he thought she had solved, thus bring about sleeplessness, agitation, and irritability. Ms. Coleman's health suffered from this stress physically as well as mentally, and she became more anxious and prone to crying almost daily.

**ANSWER:   At this time, January lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of Plaintiff's Complaint and, therefore, denies the same.**

62.    Plaintiff is entitled to treble actual damages plus the emotional distress damages pursuant to Tex. Fin. Code § 392.403(a)(2).

**ANSWER:  January denies Paragraph 62 of Plaintiff's Complaint.  By way of further response, Plaintiff's TDCA claims are preempted by the United States Bankruptcy Code.  *See Guthrie, supra*; *Walls, supra*; *Pertuso, supra*; *Bessette, supra*; *Welch, supra*.**

63.    Plaintiff is entitled to reasonable attorneys' fees and costs, pursuant to Tex. Fin. Code § 392.403(b).

**ANSWER:   January denies Paragraph 63 of Plaintiff's Complaint.  By way of further response, Plaintiff's TDCA claims are preempted by the United States Bankruptcy Code.  *See Guthrie, supra*; *Walls, supra*; *Pertuso, supra*; *Bessette, supra*; *Welch, supra*.**

64.     This is an action for willful violation of the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, *et seq.*, ("TDCA").

**ANSWER:  Admitted in part, denied in part.  January admits Plaintiff alleges a willful violation of the TDCA.  January denies it violated the TDCA.  By way of further response, Plaintiff's TDCA claims are preempted by the United States Bankruptcy Code.  *See Guthrie, supra*; *Walls, supra*; *Pertuso, supra*; *Bessette, supra*; *Welch, supra*.  At this time, January lacks knowledge or information sufficient to form a belief as to the truth of any allegations directed against other defendants and, therefore, denies the same.**

65.     It is settled law in the state of Texas that lawyers are the agents of the represented parties.  See, e.g. "The attorney client relationship is an agency relationship.  The attorney's acts and omissions within the scope of his or her employment are regarded as the client's acts; the attorney's negligence is attributed to the client." *Texas Employers Insurance Ass'n v. Wermske*, 162 Tex. 540, 349 S.W.2d 90, 93 (1961) as cited by *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 693 (1986) and *Hooten v. Yeager*, 654 S.W.3d 185, 190 (Tex. App. 2022).

**ANSWER:  Admitted in part, denied in part.  January admits that Paragraph 65 purports to cite to Texas case law regarding agency; however, those court opinions are writings which speak for themselves.  To the extent that a response may be required, January denies it was an "agent" of RBFCU or**

**that it is a law firm or otherwise employs in-house debt collection attorneys.**

66.    Thus, January Technologies, Inc.'s violations of the Texas Debt Collection Act are regarded as the acts of RBFCU.

**ANSWER:    January denies Paragraph 66 of Plaintiff's Complaint.   By way of further response, Plaintiff's TDCA claims are preempted by the United States Bankruptcy Code.  *See Guthrie, supra*; *Walls, supra*; *Pertuso, supra*; *Bessette, supra*; *Welch, supra*.**

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

(a) For actual damages, including economic harm and mental anguish;

(b) For statutory damages;

(c) For pre-judgment interest to the extent permitted by law;

(d) For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action;

(e) For such other or further relief as the Court deems proper.

**ANSWER:  January denies that Plaintiff is entitled to any relief.**

**Affirmative and Other Defenses**

1.    January asserts that Plaintiff has no actual damages as a result of any act, error, or omission of January.

2.    January denies that Plaintiff is entitled to or should recover statutory damages in any amount under either the FDCPA or TDCA.  *See Jerman*

*v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010); *Jerman v. Carlisle*, 2011 U.S. Dist. LEXIS 40771 (N.D. Ohio Apr. 13, 2011).

3.      January asserts that an award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process.  *See, e.g., State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996).

4.      Since Plaintiff has not suffered any actual damages, her individual recovery (to the extent she is entitled to such recovery, which January denies) is limited to statutory damages only and is capped at $1,000.00 per action under the FDCPA.

5.      January asserts that Plaintiff's TDCA claims are preempted by the United States Bankruptcy Code because they allege the same cause of action which would violate the discharge injunction order and, therefore, January asserts that Plaintiff lacks a private right of action for alleged violations of a discharge injunction. *See Guthrie, supra*; *Walls, supra*; *Pertuso, supra; Bessette, supra*; *Welch, supra.*

**WHEREFORE, PREMISES CONSIDERED,** Defendant January Technologies, Inc. requests that judgment be entered in its favor and against Plaintiff,  and that Plaintiff takes nothing in this action, together with all such further relief, at law or equity, as the Court decides.

Respectfully submitted,

By:     /s/ Manuel H. Newburger
        Manuel H. Newburger (attorney-in-charge)

State Bar No. 14946500
mnewburger@bn-lawyers.com
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
Tel: (512) 476-9103
Fax: (512) 576-9253
Attorneys for Defendant January Technologies, Inc.

Dated:  September 12, 2025

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 12, 2025, a true copy of the foregoing document was served on all parties and counsel of record via CM/ECF.

**BARRON & NEWBURGER, P.C.**

By:    <u>/s/ Manuel H. Newburger</u>
Manuel H. Newburger (attorney-in-charge)
State Bar No. 14946500
mnewburger@bn-lawyers.com
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expy., Suite 400
Austin, Texas 78731
Tel: (512) 476-9103
Fax: (512) 576-9253
Attorneys for Defendant January Technologies,
Inc.